## SAMUEL HORNSTEIN *vs.* RHODE ISLAND COMPANY.

### PROVIDENCE—SEPTEMBER 26, 1904.

PRESENT: Stiness, C. J., Tillinghast and Dubois, JJ.

(1)  *Common Carriers.  Contributory Negligence.  Crossing Track in Front of Car.*

Where a person, with an unobstructed view of an approaching car, attempts to cross the track in front of it, with no emergency to confuse him or to require him to cross, he is guilty of contributory negligence so as to bar recovery, although the car was approaching at excessive speed, and even increased such speed as he started to cross.

TRESPASS ON THE CASE for negligence.  Heard on petition of defendant for new trial.  Petition granted.  Judgment for defendant.

(1)    STINESS, C. J.    The plaintiff testifies that when he stepped off the curbing to cross the street the car was quite a distance away from him, and he tried to cross the track in front of it. He says there was nothing in the way, and he saw the car; that the car was coming moderately, but raised the speed when he started to cross.   When he stepped upon the first rail he saw the car approaching, and he was knocked down by it just as he stepped across to the opposite rail.

Upon his own statement, therefore, he was guilty of contributory negligence.   He says that he crossed "just to be safe;"   but, as there was nothing else in the street, he would have been perfectly safe in standing still until the car had passed.

The case is pressed upon the ground that the car was coming at great speed; yet this was both seen, and the increase of speed noticed, by him.   If such fact shows the negligence of the defendant, it also shows with equal clearness the plaintiff's contributory negligence.   The greater the visible speed, the greater was the carelessness of the plaintiff in trying to cross in front of the car.   There was no emergency to confuse him or to require him to cross.   He could stop at once;   the car

could not. . He attempted to cross in front of the car, and failed. He deliberately took the chance, and can not recover from the defendant for the result of his own act, when reasonable prudence would have required him to wait for a second or two until the car had passed.

The rule recently stated in *Poland* v. *R. I. Co.*, 26 R. I. 215, is decisive of this case; where it was held that a child of eight years, who, with an unobstructed view of an approaching car, deliberately crosses in front of it, upon her judgment that she could cross before it reached her, is guilty of contributory negligence so as to bar recovery.

For stronger reasons should a man be barred of recovery.

Petition for a new trial granted, and case remitted with direction to enter judgment for the defendant.

*Page & Page & Cushing,* for plaintiff.

*Henry W. Hayes, Frank T. Easton, and Lefferts S. Hoffman,* for defendant.